```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA
                                    :
        - against -                 :
                                    :
DENNIS MICHAEL NOURI et al.,
                                    :
                Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

MEMORANDUM DECISION

07 Crim. 1029 (DC)

APPEARANCES:  LEV L. DASSIN
              Acting United States Attorney
                   By:  Jessica A. Roth, Esq.
                        Reed M. Brodsky, Esq.
                        Assistant United States Attorney
              One Saint Andrew's Plaza
              New York, New York  10007

              ALEXANDER E. EISEMAN, Esq.
                Attorney for Defendant Anthony Martin
              20 Vesey Street, Suite 400
              New York, New York  10007

**CHIN, District Judge**

By letter dated June 17, 2009, defendant Anthony Martin moves in limine to preclude the Government from including certain statements in the excerpts of the audio recordings of conversations between a cooperating witness, William Blume, and defendants Dennis Michael Nouri ("M. Nouri") and Ezra Eric Nouri ("E. Nouri").  Martin objects on hearsay grounds, arguing that Blume's statements are hearsay, that the Nouris' statements are hearsay, and that the Nouris' statements present a Bruton problem.  He contends that Blume's statements are problematic because Blume's statements do not merely place the Nouris'

statements in context but instead he argues that Blume initiated discussion of Martin.

Martin's objections are overruled, except as set forth below.

The Nouris' statements are not hearsay because they are co-conspirator statements in furtherance of the conspiracy and therefore admissible under Fed. R. Evid. 801(d)(2)(E). There is no Bruton problem because the statements were made in the context of the conspiracy and not in a custodial or post-arrest situation. See United States v. Singh, 494 F.3d 653, 658 (8th Cir. 2007) ("Bruton, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)."); United States v. Allen, 425 F.3d 1231, 1235 n.5 (9th Cir. 2005) (holding that "a statement made by a co-conspirator during and in furtherance of the conspiracy . . . not barred by Bruton"); United States v. DeVillio, 983 F.2d 1185, 1193-94 (2d Cir. 1993) (no Bruton violation where "the statements at issue fall within the purview of Rule 801(d)(2)(E) and were admissible as statements made 'in furtherance of' the conspiracy").[1]

As for Blume's statements, they are admissible to the extent they provide the context for the co-conspirator

---

[1] This principle is unaffected by Crawford v. Washington, 541 U.S. 36 (2004), as the Supreme Court there held that statements to a co-conspirator are not testimonial in nature. See Crawford, 541 U.S. at 74; see also United States v. Lee, 374 F.3d 637, 644 (8th Cir. 2004) (statement to co-conspirator not testimonial under Crawford).

declarant's admissions. United States v. Stratton, 779 F.2d 820, 830 (2d Cir. 1985). Here, the excerpts as set forth on pages 2 to 3 of Martin's counsel's letter are taken out of context. When they are placed in context, it is clear, with certain exceptions, that Blume was not initiating discussion about Martin but responding to statements made by the Nouris about Martin and that Blume's statements are necessary to put the Nouris' statements in context.

I will sustain, however, Martin's objection to the following:

-- Ex. 1, p. 62: Blume's statement that begins "I work so well with Anthony Martin" is stricken. It does not fit within the flow of the excerpt from page 58 through 62 and is not necessary to provide context.

-- Ex. 3, pp. 5-6: Blume's statement that begins "By the way, my friend Tony Martin said" carrying over to the top of page 6 is stricken in its entirety. Blume initiates this discussion of Martin, and it is not necessary to provide context.

As requested by Martin, I will give a limiting instruction that Blume's statements on the tapes are received not for their truth but solely to provide context.

SO ORDERED.

Dated:  New York, New York
        June 17, 2009

                                    _____
                                    DENNY CHIN
                                    United States District Judge